UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Habso A. Khalif,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>City of Minneapolis; and Officers Scot Kaiser and Anthony Maisano, in their individual and official capacities,<br><br>　　　　Defendants. | Court File No.<br><br><br>**COMPLAINT WITH JURY DEMAND** |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution against Scot Kaiser and Anthony Maisano, police officers of the City of Minneapolis, in their individual and official capacities, and against the City of Minneapolis.

2. It is alleged that the Defendant Officers made an unreasonable search and seizure of Plaintiff's person, violating her rights under the Fourth Amendment to the United States Constitution. It is also alleged that Defendants battered and falsely arrested Plaintiff and that they discriminated against her in violation of Minnesota state law.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

1

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's causes of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Habso A. Khalif ("Ms. Khalif") was at all material times a resident of the State of Minnesota, and of full age.

6. Defendant Police Officers Scot Kaiser ("Kaiser") and Anthony Maisano ("Maisano") were at all times relevant to this Complaint duly appointed and acting officers of the police department of the City of Minneapolis, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Minneapolis.

7. The City of Minneapolis, Minnesota ("Minneapolis"), is a municipal corporation and the public employer of Defendant Officers Kaiser and Maisano. Defendant City of Minneapolis is sued directly and under the principles of respondeat superior and vicarious liability.

## FACTS

8. On June 18, 2019, at approximately 8:29 pm, Kaiser and Maisano conducted a traffic stop in front of 116 Groveland Avenue, Minneapolis, where Ms. Khalif resided.

9. The vehicle that was stopped was driven by Morissa Vazquez with Mara Gomez as the passenger. Vazquez and Gomez were work associates of Ms. Khalif. Vazquez and Gomez drove to Ms. Khalif's residence to retrieve work keys from her.

10. Ms. Khalif saw the vehicle with Vazquez and Gomez stopped in front of her residence.

11. Ms. Khalif was home along with her 3 month old child, who was sleeping. She had face cream on her face. She was wearing casual clothing including a tank top and an open-front sweater that she would normally wear only in her home. She expected only to run out briefly to hand off the keys to her work associates.

12. Ms. Khalif is a practicing Muslim woman and is of Somali national origin. Ms. Khalif is also a person of color with dark skin complexion.

13. Ms. Khalif walked toward the vehicle to give the work keys to her work associates. One of the officers called out to her, "Don't approach that car." Ms. Khalif immediately complied and stopped. She held up the keys, showing the officers that she just wanted to give the keys to the occupants. The officer loudly ordered her to, "Come back over here. Come over here. Come here now!" Ms. Khalif complied and walked to the squad car.

14. As Ms. Khalif approached the squad car, Defendant Kaiser reached to grab at her keys. Ms. Khalif verbally objected. Both Defendant officers brought Ms. Khalif to the driver's side of the squad car and then pressed her against the squad. As they did so, Defendant Kaiser seized Ms. Khalif's keys and tossed them to the other side of the hood, out of her reach.

15. Both officers forcibly held her hands on the squad. Defendant Kaiser held her by the left wrist with his left hand and put his right hand on her left shoulder. The thumb of his right hand dug deeply into her left shoulder. Ms. Khalif stated that she was injured and asked that Defendant Kaiser remove his hand from her shoulder. She also expressed that her injured leg was being pressed against the door. Defendant Kaiser mocked her, "Is this the door? I thought the door was over here."

16. Ms. Khalif asked the officers what she had done wrong. The officers did not answer. Ms. Khalif put the officers on notice that her child was alone in the house.

17. Defendant Maisano admitted that Ms. Khalif complied with their orders. He said, "When my partner asked you 'don't approach the car' you just stood there, dumbfounded."

18. Defendant Kaiser asked Ms. Khalif if she had weapons and began to pat down Ms. Khalif. His hand went to her lower back, to the front of Ms. Khalif, touching her genital area over her clothing, and then he pulled her sweater up to view her back/behind. Ms. Khalif objected, stating "You don't have to touch me like that. I'm Muslim. You don't have to touch me like that." Defendant Kaiser responded, "I don't care what religion you think you are."

19. Ms. Khalif vigorously objected to the intrusive pat down, stating "What do you mean, you don't care what religion I am? Are you serious right now? You can't touch my private part. You touched my private part." Ms. Khalif indicated with her head by looking down that he had touched her genital area. Defendant Maisano then mocked her, stating "What's your private part? You tell me."

20. Ms. Khalif asked the officers to please release her hands. She told the officers that she wanted to bring the keys to her work associated, but the officers refused to give her back her property. She was forced to leave with the work keys in their possession.

21. Ms. Khalif walked down the block, protesting that Defendant Kaiser had touched her genital area.

22. As a result of Defendants' actions, Plaintiff suffered loss of freedom and liberty, physical pain and discomfort, and severe emotional trauma and distress.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEARCH AND SEIZURE AND EXCESSIVE FORCE AGAINST DEFENDANTS KAISER AND MAISANO

23. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

24. Based on the above factual allegations, Defendants Kaiser and Maisano, through their actions, acting under the color of state law, violated Plaintiff's Constitutional right to remain free from unreasonable searches, seizures, and excessive use of force under the Fourth Amendment to the United States Constitution when they seized and searched her person without probable cause, reasonable suspicion, or other justification and when they engaged in physical, opposite-sex contact with her, using unnecessary and excessive force and making contact with her genital area, also without justification. The Defendant Officers did not have probable cause or reasonable suspicion to believe that Plaintiff was involved in criminal or suspicious activity, nor did they have probable cause or reasonable suspicion to believe that Plaintiff was armed, dangerous, or a threat to herself or others. The Defendant Officers had no other legitimate basis to subject Plaintiff to a search or seizure of her person or to engage in physical contact with her.

25. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE OF PROPERTY AGAINST DEFENDANTS KAISER AND MAISANO

26. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

27. Based on the above factual allegations, Defendants Kaiser and Maisano, through their actions, acting under the color of state law, violated Plaintiff's Constitutional right to remain free from unreasonable seizures of property under the Fourth Amendment to the United

States Constitution when they (1) forcibly seized Plaintiff's keys without her consent and without a search warrant, and (2) refused to return her property when she was released.

28. As a result of these Constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 3: MINN. STAT. § 363A.12 – ETHNIC/NATIONAL ORIGIN, RELIGION, AND RACE DISCRIMINATION AGAINST THE CITY OF MINNEAPOLIS

29. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

30. Based on the above factual allegations, the City of Minneapolis discriminated against Ms. Khalif in the access to, admission to, full utilization of, or benefit from a public service because of her ethnicity, national origin, religion, and/or race/skin color. Specifically, Defendants Kaiser and Maisano discriminated against Ms. Khalif, a Somali minority, on the basis of her ethnicity, national origin, religion, and/or race/skin color by seizing her and her property without reasonable suspicion that she had committed a crime, and by touching her genitalia. Further, Defendant Kaiser made a derogatory statement about Ms. Khalif's religion by accusing her of not being a genuine Muslim.

31. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 4: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

32. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

33. Based on the above factual allegations, the Defendant Officers battered Plaintiff. Specifically, the Officers engaged in intentional, offensive, and unpermitted contact with Plaintiff during the subject incident.

34. Defendant City of Minneapolis is vicariously liable to Plaintiff for the Defendant Officers' battery.

35. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

### COUNT 5: FALSE ARREST/IMPRISONMENT AGAINST ALL DEFENDANTS

36. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

37. Based on the above factual allegations, Defendants falsely arrested/imprisoned Plaintiff. Specifically, Defendants intended to confine Plaintiff, Plaintiff was actually and unlawfully confined by Defendants, and Plaintiff was aware that she was being unlawfully confined by Defendants.

38. Defendant City of Minneapolis is vicariously liable to Plaintiff for the Defendant Officers' false arrest/imprisonment.

39. As a direct and proximate result of this false arrest/imprisonment, Plaintiff suffered damages as aforesaid.

### RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants on all counts;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988 and Minn. Stat. § 363A.33;

e. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

                                                THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated:  June 11, 2020                By: s/ Zorislav R. Leyderman
                                                ZORISLAV R. LEYDERMAN
                                                Attorney License No. 0391286
                                                Attorney for Plaintiff
                                                The Law Office of Zorislav R. Leyderman
                                                222 South 9th Street, Suite 1600
                                                Minneapolis, MN 55402
                                                Tel: (612) 876-6626
                                                Email: zrl@ZRLlaw.com